the widow, or that Mr. Frost said that it was an outrage that such a small amount should be left to the widow. Mr. Frost made no statement on August 20th as stated in the article published by defendant. The day before he said to the reporter of the Eagle that the estate was sufficient for the comfortable support of his widow. The headlines were false and unwarranted by the article, as well as the statement that the plaintiff was indebted in any amount to his father at the time of his death. Although the reporter knew the same day the article was published that it was false, and that it and its headlines did not conform to the message he had sent the paper and had no truthful basis, no retraction or explanation was published until 5 months after the publication of the libel, and about 2½ months after the commencement of this action. There is no evidence on the part of the defendant that it did not know that the article published was unwarranted and false, and not in accordance with the information sent it by its reporter immediately following its publication or before the commencement of this action. These facts are sufficient to warrant the conclusion that the article was published wantonly, recklessly, and with an utter disregard as to whether it was true or false, and of the rights and feelings of the plaintiff. Turton v. New York Recorder, 144 N. Y. 144, 38 N. E. 1009.

The judgment and order must be affirmed, with costs. All concur.

---

### SUTPHIN v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

Appeal from Trial Term, Queens County.
Action by Howard Sutphin against the New York Times Company. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Affirmed.
Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Alfred A. Cook (I. Maurice Wormser, on the brief), for appellant.
William Willett, Jr., for respondent.

PER CURIAM. Judgment and order unanimously affirmed, with costs, on the authority of Harry Sutphin v. New York Times Co. (decided herewith) 122 N. Y. Supp. 833.

---

### DEYO et al. v. CITY OF NEWBURGH.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

1. MUNICIPAL CORPORATIONS (§ 623*)—ESTABLISHMENT OF SEWER—SUPPRESSION OF NUISANCE.
    Where a city located part of a sewer outside its limits, within the limits of an adjacent town, the health authorities of the latter, if the sewer worked a nuisance, could suppress it.
    [Ed. Note.—For other cases, see Municipal Corporations. Dec. Dig. § 623.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.